Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ANTONIO ALFONSO CORA ROSARIO<br><br>Apelado<br><br>v.<br><br>E.G.B. FUNERARIA ANAYA, CORP.<br><br>Apelante | KLAN202400230 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso número: GM2024CV00020<br><br>Sobre: Despido Injustificado |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparece la parte peticionaria, E.G.B. Funeraria Anaya, Corp., mediante un recurso de apelación y nos solicita que revoquemos la *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 26 de febrero de 2024. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Querella* incoada por la parte recurrida, Antonio Alfonso Cora Rosario, en contra de la parte peticionaria por despido injustificado.

Toda vez que el recurso de epígrafe versa sobre la revisión de una resolución de naturaleza interlocutoria, acogemos el mismo como un *certiorari* y conservamos el alfanumérico para propósitos administrativos.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción. Veamos.

**I**

El 14 de enero de 2024, Antonio Alfonso Cora Rosario (Cora Rosario o recurrido) incoó una *Querella* sobre despido injustificado en contra de E.G.B. Funeraria Anaya, Corp. (Funeraria Anaya o peticionaria).[1] La

---

[1] Apéndice del recurso, págs. 1-2.

Número Identificador

SEN2024 _____

referida causa de acción fue instada al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961).

Por su parte, el 2 de febrero de 2024, la parte peticionaria solicitó una prórroga de treinta (30) días para presentar su alegación responsiva,[2] la cual fue declarada No Ha Lugar por el foro *a quo*, toda vez que dicho petitorio no estaba juramentado.[3] Sin embargo, el 5 de febrero de 2024, la Funeraria Anaya presentó su *Contestación a la Querella*.[4]

Luego de la anotación de rebeldía de la peticionaria,[5] el 26 de febrero de 2024, el Tribunal de Primera Instancia emitió y notificó la *Sentencia Parcial* que nos ocupa.[6] Mediante dicho dictamen, el foro primario dio por admitidas las alegaciones esbozadas en la acción de epígrafe y declaró Ha Lugar la *Querella* instada por la parte recurrida. Asimismo, mantuvo el señalamiento del juicio en rebeldía para el 29 de febrero de 2024, a los únicos efectos de que Cora Rosario presentara los salarios devengados durante el término de tres (3) años previos al despido. Sobre ese particular, el foro de origen expresó que, de tal manera, estaría en condiciones de emitir una sentencia final para establecer la indemnización que le correspondía recibir al recurrido, conforme con nuestro ordenamiento jurídico vigente.

Inconforme, el 7 de marzo de 2024, la parte peticionaria presentó el recurso de epígrafe y le imputó al foro primario la comisión de los siguientes errores:

> Erró el TPI al emitir una Sentencia Parcial adjudicando que el querellante es empleado del querellado conforme lo requiere la Ley #80, pues las alegaciones de la querella carecen de especificidad en cuanto [a] si la relación de trabajo de las partes es empleado-patrono o contratista-principal. Alegar que el querellante trabajó o laboró para el querellado es insuficiente, completamente general y no cumple con el concepto de "materias bien alegadas"[,] según definidas por

---

[2] Véase, Entrada Núm. 6 del Caso Núm. GM2024CV00020 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Apéndice del recurso, pág. 6.
[4] Íd., págs. 7-9.
[5] Íd., pág. 10.
[6] Íd., págs. 59-65.

el TSPR en *Orsini v. Srio de Hacienda,* 177 DPR 596, 620-621 (2009). Por lo cual, su admisión por rebeldía no es suficiente para la adjudicación [de] responsabilidad al amparo de la Ley #80-1976, según enmendada.

Erró el TPI al determinar que una parte en rebeldía no goza del derecho a realizar un descubrimiento de prueba, aun cuando el TSPR ha reiterado que los mecanismos de descubrimiento de prueba en nuestro sistema adversativo responden a la garantía constitucional del debido proceso de ley y deben estar disponibles en todo pleito que pueda privar a una persona de su propiedad o libertad.

El 15 de abril de 2024, la parte recurrida compareció mediante *Alegato de la Parte Apelada*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia

jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

Sabido es que la Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, define una *sentencia* como cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Es decir, la sentencia es el punto final del proceso judicial. Las partes han sometido su prueba y alegaciones al tribunal y este emite su fallo resolutorio. *García v. Padró*, 165 DPR 324, 332 (2005); *U.S. Fire Ins. v. A.E.E.*, 151 DPR 962, 967 (2000).

Una sentencia es final y definitiva cuando se resuelve el caso en sus méritos y pone fin al litigio entre las partes mediante una adjudicación final, de tal manera que solo queda pendiente la ejecución de la sentencia. *Johnson & Johnson v. Mun. de San Juan,* 172 DPR 840, 848 (2007); *García v. Padró*, supra, págs. 331-332; *U.S. Fire Ins. v. A.E.E.*, supra. De igual forma, una sentencia adjudica las controversias de un caso si define los derechos de las partes y contra ella puede incoarse un recurso de apelación. *Íd.*

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha resuelto que, "si un tribunal dicta una resolución, pero [e]sta verdaderamente pone fin a la controversia entre las partes, la resolución referida constituye una sentencia final de la cual puede interponerse un recurso de apelación". *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996).

Sabemos que el nombre no hace la cosa, por ello es necesario examinar la determinación del foro de instancia para asegurarnos si esta constituye una resolución revisable, mediante *certiorari*, o si se trata de una sentencia, la cual es apelable. *Johnson & Johnson v. Mun. de San Juan*, supra; *García v. Padró*, supra, pág. 333. No es muy difícil concluir que existe una diferencia conceptual categórica entre una *resolución* y una *sentencia*. Ninguna de las dos constituye un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final. *U.S. Fire Ins. v. A.E.E.*, supra.

Por otro lado, una resolución interlocutoria no es susceptible de apelación, solo es revisable mediante el recurso discrecional de *certiorari*. *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). Las Reglas de Procedimiento Civil proveen al tribunal un mecanismo procesal que permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos u obligaciones de una de las partes en un pleito o menos del total de varias reclamaciones. Por eso, nuestro más Alto Foro afirma que, en términos de recta metodología y adjudicación, los tribunales deben denominar ese tipo de decisión como "Sentencia Parcial Final".

Por tanto, si la intención del foro primario es disponer de la totalidad de las reclamaciones ante su consideración, así debe consignarlo expresamente en la parte dispositiva de su sentencia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 95 (2008). Consecuentemente, omitir la resolución de una reclamación en la parte dispositiva de una sentencia

tiene el efecto de mantener tal reclamación viva y pendiente de adjudicación. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 658 (1987).

**C**

La *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961), establece un procedimiento de naturaleza sumaria para aquellos casos que versen sobre reclamaciones de una persona obrera o empleada en contra de su patrono, referentes a cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados, o en ocasión a un despido de su empleo sin justa causa, todo en aras de abreviar los trámites pertinentes a las mismas, de manera que resulte en un proceso menos oneroso para la persona trabajadora. 32 LPRA sec. 3118; *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022); *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Su alcance se extiende a varios estatutos laborales, entre estos, las querellas sobre salarios, beneficios y derechos laborales. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265. La naturaleza de esta reclamación exige celeridad en su trámite para, así, cumplir con el fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer a la persona obrera despedida suficientes recursos económicos entre un empleo y otro. *León Torres v. Rivera Lebrón*, supra.

Nuestro Tribunal Supremo ha reiterado que la naturaleza sumaria que provee la Ley Núm. 2-1961, *supra*, constituye una característica esencial la cual, tanto las partes como los tribunales, deben respetar. *Ruiz Camilo v. Trafon Group, Inc.,* supra. Compatible con lo anterior, nuestro más Alto Foro estableció que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, los tribunales apelativos debemos autolimitar nuestra facultad al efecto. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999). En consecuencia, la parte que pretenda impugnar tales resoluciones

interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. *Íd.,* pág. 497.

No obstante, dicha norma no es absoluta y cede en aquellos casos en que alguna resolución sea dictada sin jurisdicción por el Tribunal de Primera Instancia o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo. A modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2-1961, *supra*, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia. *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

En específico, los foros revisores pueden intervenir en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021). En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2-1961, *supra*, ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. *Íd.* Ahora bien, nuestro Tribunal Supremo insiste en que la intervención de los foros apelativos para revisar resoluciones interlocutorias dictadas en pleitos tramitados al amparo de la Ley Núm. 2-1961, *supra*, es limitada por ser contrarias al carácter sumario de dicho estatuto. *Íd.*, pág. 357.

Esbozada la norma jurídica, procedemos a disponer del recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen.

*Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.*

Nuestra intervención apelativa con las determinaciones interlocutorias del foro primario en procesos bajo la Ley Núm. 2-1961, *supra*, es de carácter excepcional, por resultar contraria al carácter expedito de dicha legislación laboral. Para superar tal limitación a nuestra facultad revisora, es ineludible primero auscultar si acontecen algunas de las situaciones excepcionales que nos permitirían intervenir con el proceso expedito que manda el citado estatuto. A tales efectos debemos examinar si: (1) el foro primario actuó sin jurisdicción; (2) la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia.

En el caso de autos, la parte peticionaria nos solicita nuestra intervención para revocar la *Sentencia Parcial* dictada por el Tribunal de Primera Instancia en la cual dicho foro dio por admitidas las alegaciones esbozadas en la acción de epígrafe y declaró Ha Lugar la *Querella* instada por la parte recurrida. Ello, a los efectos de determinar que el despido en cuestión fue injustificado. A su vez, el foro de origen mantuvo el señalamiento del juicio en rebeldía para que la parte recurrida presentara los salarios devengados durante el término de tres (3) años previos al despido y, de esa forma, emitir una sentencia final para establecer la indemnización correspondiente.

De una revisión de la determinación recurrida no cabe duda de que estamos ante una determinación inherentemente interlocutoria, pues el foro recurrido no dispuso de la totalidad de lo solicitado ni concedió un remedio exigible. Es decir, la parte peticionaria no impugna los méritos de una sentencia final, según definida por nuestro ordenamiento jurídico. Por otro lado, tampoco se encuentran presentes ningunas de las instancias excepcionales que podrían dar paso a nuestra intervención en un caso incoado al amparo de la Ley Núm. 2-1961, *supra*.

Cónsono con lo anterior, por tratarse de un dictamen interlocutorio, el cual no se encuentra dentro del margen de excepción establecido por nuestro ordenamiento jurídico y, por consiguiente, no es susceptible de revisión judicial mediante el recurso discrecional de *certiorari* por este Foro conforme a la normativa laboral aplicable, carecemos de jurisdicción para atender el presente recurso en sus méritos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones